IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-00252-M

| | | |
|---|---|---|
| CLEAN & SOBER MEDIA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RENEW COUNSELING CENTER OF NC, LLC, | ) | |
| NORMA NEGRON, | ) | |
| GIANI RIVERA, and | ) | |
| *DOES 1-10*, | ) | |
| | ) | |
| Defendants. | ) | |

These matters come before the court on Defendant Giani Rivera's ("Rivera") Motion for Summary Judgment [DE 66] and Defendants' Corrected Rule 11 Motion for Sanctions [DE 69]. The motions are fully briefed, and the court finds that a hearing will not materially assist the court in adjudicating the matters. For the reasons that follow, the motion for summary judgment is granted and the motion for sanctions is denied.

I.  **Motion for Summary Judgment**

In this copyright action, Plaintiff alleges Defendants infringed its copyrights by copying and downloading Plaintiff's protected publications onto Renew Counseling Center of NC, LLC's ("the company") website and publicly displaying them without Plaintiff's permission. Here, Rivera seeks dismissal of Plaintiff's claims against her arguing that it is undisputed she is and has been serving in the United States Navy for several years, and the only relationship she has to the matters at issue in this case is that she is Defendant Norma Negron's ("Negron") daughter who worked for the company for a short time well before the events alleged here. Defendants

concede, after having taken Rivera's deposition, that Rivera "had no involvement in the allegations contained in the Complaint" and ask the court to dismiss Rivera as a defendant "without prejudice." Rivera opposes the request saying the evidence (or lack thereof) reflects that she has no liability in this matter and should be dismissed with prejudice.

A. Findings of Fact

These factual findings are made solely for the purpose of adjudicating the present motion and do not include facts irrelevant to the issue(s) raised in the motion.

Negron is and always has been the sole owner and operator of the company. Declaration of Norma Negron, October 8, 2020 ("Negron Decl.") at ¶ 12. Rivera is Negron's daughter and is currently on active duty in the United States Navy. *Id.* at ¶ 21. Rivera enlisted in July 2016 and is currently a Yeoman Seaman stationed at Norfolk Naval Station, Virginia. Declaration of Giani Rivera, December 15, 2020 ("Rivera Decl.") at ¶ 2. Rivera worked for the company from 2013 to 2014, she was not paid for her work, and, during her time there, Rivera was not involved with the creation or management of the company's website. *Id.* at ¶ 4; Negron Decl. at ¶ 24. Since leaving the company, Rivera has had no involvement with the management of the company's website, and she never visited Plaintiff's website before this lawsuit and never agreed to any terms or conditions on the Plaintiff's website. Rivera Decl. at ¶ 5.

B. Legal Standards

If "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" the court shall grant summary judgment. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence would permit a reasonable jury to find for the nonmoving party, and "[a] fact is material if it might affect the outcome" of the litigation. *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015) (internal

quotations and citations omitted). The court's role at the summary-judgment stage is not "to weigh the evidence and determine the truth of the matter" but instead "to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Accordingly, the court must "resolve all factual disputes and any competing, rational inferences in the light most favorable" to the nonmoving party. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quoting *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)).

When the nonmovant bears the burden of proof at trial, the party seeking summary judgment bears the initial burden of "pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this initial burden, the burden then shifts to the nonmoving party to point out "specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting the Federal Rules of Civil Procedure). In so doing, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013). Instead, the nonmoving party must support its assertions by "citing to particular parts of . . . the record," or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1); *see Celotex*, 477 U.S. at 324. While "it is the province of the jury to resolve conflicting inferences from circumstantial evidence[,] [p]ermissible inferences must still be within the range of reasonable probability." *Ford Motor Co. v. McDavid*, 259 F.2d 261, 266 (4th Cir.), *cert. denied*, 358 U.S. 908 (1958). It is "the duty of the court to withdraw the case from

the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." *Id.*

D. Analysis

The material fact at issue in this matter is whether Rivera may be civilly liable for the conduct alleged by the Plaintiff in the operative pleading. Plaintiff has proffered no evidence indicating a genuine issue as to whether Rivera is or may be liable. Rather, Plaintiff concedes Rivera had no involvement in the alleged conduct and seeks dismissal of its claims against Rivera "without prejudice, such that if her testimony turns out to be untruthful, Rivera can be brought back into the litigation." Resp. at 2. Plaintiff cites and the court has found no law supporting a dismissal without prejudice based on the mere possibility that a party may not be telling the truth. Rivera's motion is granted and Plaintiff's claims against her are dismissed with prejudice.

## II. Motion for Sanctions

The Fourth Circuit instructs that, under Rule 11 of the Federal Rules of Civil Procedure, "a district court may impose sanctions against a party who files pleadings that are not well grounded in fact or law or who files pleadings for improper purposes such as harassment or delay." *CarMax Auto Superstores, Inc. v. Sibley*, 767 F. App'x 462, 464 (4th Cir. 2019) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 403-04 (1990)). "A party must certify that his 'claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" *Id.* (quoting Fed. R. Civ. P. 11(b)(2)). "The legal argument must have absolutely no chance of success under the existing precedent to contravene" Rule 11(b)(2). *Id.* (quoting *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006)).

4

According to Defendants, Plaintiff's prosecution of Rivera in this case[1] is deserving of Rule 11 sanctions, because Plaintiff failed to reasonably investigate its allegations against Rivera and persisted in pursuing claims against Rivera despite submission of her sworn testimony that she had no involvement in the alleged infringing conduct. Plaintiff counters that it named Rivera as a Defendant based on a pre-filing investigation performed by Phenix Investigations, Inc., which informed Plaintiff that Rivera was "linked" to the company's website and that Rivera was an owner of the company based on its research; thus, Plaintiff argues, it had a valid basis to sue Rivera "on information and belief." Plaintiff contends that it was not bound to take as true any contrary statements or declarations and sought to depose Rivera, but Defendants refused to produce her for a deposition – until, of course, March 22, 2021 at which time Plaintiff deposed Rivera.

As counsel is aware, there is a reasonable expectation of civility in all transactions before this court. *See* Local Civil Rule 83.1(g) ("Counsel shall conduct themselves with dignity and propriety."). The briefing filed in this matter and in relation to Plaintiff's motion for preliminary injunction reflect sarcasm, inflammatory language, and back-and-forth accusations of lying, hiding the ball, and engaging in other improper conduct. While the court encourages zealous advocacy and healthy debate, uncivil arguments fail to persuade and violate the local rule.

The court finds that both sides in this case have engaged in uncivil behavior over the course of this litigation. Any indication of further uncivil conduct will result in an order directing all counsel of record to appear before this court, in person, to explain the violation(s) of

---

[1] In the motion, Defendants also challenge Plaintiff's prosecution of Defendant Frankie Kennedy; however, they do not mention Kennedy in the reply brief and the court notes that Plaintiff stipulated to the dismissal of Kennedy from this action on October 23, 2020. DE 27.

5

Local Civil Rule 83.1.

However, the court finds that Plaintiff's conduct with respect to Rivera does not give rise to Rule 11 sanctions. As is true in most (if not all) civil actions, a named defendant will denounce any fault or liability in the alleged malfeasance; typically, whether and to what extent the fault may lie reveals itself in the discovery process. Here, Rivera did not simply object to certain or specific allegations made against her but disclaimed all liability in the matter. Given Rivera's close relationship to the company's owner, Negron, the Plaintiff reasonably requested Rivera's deposition to test her remonstrations. Plaintiff's conduct in this respect is not sanctionable.

### III. Conclusion

Accordingly, Defendant Rivera's motion for summary judgment [DE 66] is GRANTED and Defendants' motion for Rule 11 sanctions [DE 69] is DENIED. The Clerk of the Court is directed to remove Giana Rivera as a defendant from this case.

SO ORDERED this 21st day of May, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE